UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| STEPHANIE ANN STEPP, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 0: 19-115-WOB |
| | ) | |
| V. | ) | |
| | ) | |
| WELLS FARGO BANK, NA, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Stephanie Ann Stepp is a resident of Ashland, Kentucky. Proceeding without an attorney, Stepp has filed a complaint against Wells Fargo Bank, NA, and approximately 13 other Defendants.[1] [R. 1] Stepp has not paid the filing fee, but she has filed a motion for leave to proceed *in forma pauperis*. [R. 2] The information contained in Stepp's fee motion indicates that she lacks sufficient assets or income to pay the $350.00 filing fee, thus her motion will be granted. Because Stepp is granted pauper status in this proceeding, the $50.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

The Court must conduct a preliminary review of Stepp's complaint because she has been granted pauper status. 28 U.S.C. § 1915(e)(2). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

---

[1] Stepp names the following entities as Defendants: Wells Fargo Bank, NA; Wells Fargo Home Mortgage (Return Mail Operations); Wells Fargo Home Mortgage (Home Payments); Wells Fargo Home Mortgage (Correspondence); CTX Mortgage, LLC; Trustee Mitigation Headquarters; Wells Fargo Bank, NA (Columbia, MD); First American Title Insurance Company; MERSCORP Holdings, Inc.; Mortgage Electronic Registrations Systems, Inc.; MERS System; MERS Real Estate Corporation; MERSINC; MERS ServicerID. However, in her complaint, Stepp does not differentiate between any of the named Defendants and instead appears to refer to them collectively as "Wells Fargo et al." and/or "Wells Fargo."

-1-

relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Although Stepp's complaint makes no real substantive factual allegations, it appears that her claims relate to a home mortgage being serviced by Wells Fargo and/or a Wells Fargo-related entity. Stepp alleges that the events giving rise to her claims occurred on or about September or October 2013 and that "[w]e fell behind on our payments b/c of my car wreck. Fell behind, asked for help, and that's when the fun began!" [R. 1 at p. 9] When prompted to state the facts underlying her claims, she states that "Wells Fargo has put us thru Holy Hell and Mental Torture! Since 2013 they have done nothing but try to cover up their alleged fraud and corruption!" [*Id*. at p. 14] Based on these allegations, Stepp asserts claims based upon the following statutes and Court Rules: (1) the notice requirements of the Fair Debt Collection Practices Act ("FDCPA"); (2) UCC Code 3-302, Section 3-106(d); (3) Rule 60(b) of 1946;[2] (4) the Fourteenth Amendment of the United States Constitution; and (5) the USA Patriot Act, 31 U.S.C. § 5318(k). [R. 1 at p. 8] She also accuses Wells Fargo of fraud and gross negligence. [R. 1 at p. 14] As relief, she seeks $333,000,000.33 in monetary damages (including punitive damages), to be awarded to herself, her mother, and her daughter. [R. 1 at p. 14]

The Court evaluates Stepp's complaint under a more lenient standard because she is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). However, the principles requiring generous construction of *pro se* pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, No. 07-cv-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007). Although the Court has an obligation to liberally construe a complaint filed by a

---

[2] It is not clear, but the Court assumes that this is a reference to Fed. R. Civ. P. 60(b).

person proceeding without counsel, that obligation does not extend so far as to require or permit it to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). The Court is not required to create a claim for the plaintiff, nor to "conjure up unpled allegations." *Moorman v. Herrington*, No. CIV A 4:08-CV-P127-M, 2009 WL 2020669, at *1 (W.D. Ky. July 9, 2009)(citations omitted).

Having thoroughly reviewed Stepp's complaint, the Court concludes that it must be dismissed. A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). *See also* Fed. R. Civ. P. 8. In addition, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Stepp's complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure because it does not contain "a short and plain statement of the claim showing that [she] is entitled to relief" and fails to include allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Indeed, Stepp's complaint alleges no facts giving rise to her claims at all. Rather, she simply labels Wells Fargo's unspecified actions as "fraudulent" and "grossly negligent," then asserts that Wells Fargo violated federal law and the Uniform Commercial Code. However, she never explains exactly what Wells Fargo did *at all*, much less offer any explanation of how any of the statutes that she cites were violated. Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

Despite Stepp's reference to the notice requirements of the FDCPA, she fails to state a claim for an FDCPA violation because she alleges no facts explaining how either Wells Fargo, or any of the other named Defendants, violated any provision of the FDCPA. Similarly, although she cites to the Uniform Commercial Code provisions defining "holder in due course," she provides no factual allegations regarding why this provision is even relevant to her claims, much less explain how she is entitled to relief for any purported violation of the statute.[3] Where, as here, the allegations of the complaint are totally unsubstantial, a federal district court has the authority to dismiss the complaint under Fed. R. Civ. P. 12(b)(1). *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (a district court may, upon its own motion, dismiss for lack of subject matter jurisdiction any complaint whose allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion") (citations omitted).

Also unavailing is Stepp's claim that "Wells Fargo committed 'fraud on the court' Violation of Rule 60(b) of 1946" [R. 1 at p. 8], presumably an attempt to invoke Fed. R. Civ. P. 60(b). However, Rule 60(b) is the Federal Rules of Civil Procedure authorizing a court to relieve a party from a final judgment, order, or proceeding, and is not a source of a private cause of action. Indeed, to the extent that she alleges fraud, her allegations fall woefully short of the particularity required by Fed. R. Civ. P. 9(b). *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). *See also Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) ("At a minimum, Plaintiffs must allege the time, place and contents of the misrepresentations upon which they relied.") (citation omitted).

---

[3] Although Stepp refers only to provisions of the Uniform Commercial Code ("UCC"), presumably, she intends to refer to the provisions of the UCC codified at KRS §§ 355.3-302, 355.3-106(4).

Moreover, to the extent that Stepp's complaint invokes the Fourteenth Amendment, "the Fourteenth Amendment, which prohibits states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837-838 (1982) (citations omitted). Wells Fargo is neither a "state actor," nor was it acting "under color of state law," as is required for imposition of liability under 42 U.S.C. § 1983 for the deprivation of an individual's constitutional rights. *Polk County v. Dodson*, 454 U.S. 312, 317-318 (1981). *See also Communities for Equity v. Michigan High Sch. Athletic Ass'n*, 459 F.3d 676, 691 (6th Cir. 2006) ("An entity or individual charged under § 1983 with a Fourteenth Amendment violation must be a 'state actor.'"); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Wells Fargo is a private entity and "merely private conduct, no matter how discriminatory or wrongful," is excluded from the reach of § 1983. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (citations omitted).

Finally, although Stepp claims a violation of a provision of the USA Patriot Act, 31 U.S.C. § 5318(k), the USA Patriot Act does not authorize a private right of action. *See Belle Meade Title & Escrow Corp. v. Fifth Third Bank*, 282 F. Supp. 3d 1033, 1039 (M.D. Tenn. 2017) (collecting cases). *See also Hanninen v. Fedoravitch*, 583 F. Supp. 2d 322, 326-327 (D. Conn. 2008).

For all of these reasons, Stepp's complaint fails to state even a plausible claim upon which relief may be granted. Thus, her complaint will be dismissed on the Court's preliminary screening. 28 U.S.C. § 1915(e)(2).

Accordingly, it is **ORDERED** as follows:

1. Stepp's motion to proceed *in forma pauperis* [R. 2] is **GRANTED**.
2. Stepp's complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE**.
3. Any pending request for relief is **DENIED AS MOOT**.

4. **JUDGMENT** shall be entered contemporaneously with this Order.

5. This action is **STRICKEN** from the Court's docket.

This the 13th day of November, 2019.

Signed By:
*William O. Bertelsman* WOB
United States District Judge